UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY, AS SUBROGEE OF JAMES BATES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-5202** |
| **REROOF AMERICA ET AL.** | **SECTION: "S" (5)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion to dismiss for lack of subject matter jurisdiction of Reroof America Corporation and Reroof America Corporation Louisiana, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, is **DENIED**.  (Document #6.)

### I. BACKGROUND

Allstate Insurance Company (Allstate) issued insurance policies for damage to the real and personal property of James Bates located at 3429 Karen Drive, Chalmette, Louisiana.  On August 29, 2005, Hurricane Katrina damaged the roof and other structural members of the building, allowing rain to pour into the structure and damage personal property.  Allstate paid Bates $77,468.67 for the damage, pursuant to the terms of its insurance policies.

Allstate filed a complaint, as subrogee of Bates, against Reroof America Corporation and Reroof America Corporation Louisiana (Reroof), asserting diversity jurisdiction.    Allstate alleges that Reroof was negligent in breaching its duty of care to Bates by failing to construct a

roof that would withstand wind velocities required under the building code of St. Bernard Parish, failed to construct a roof that would prevent water leaks or water intrusion, and failed to take precautions to prevent loss and damages to the premises and the contents.

Reroof filed a motion to dismiss without prejudice for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The court ordered Allstate, as subrogee of James Bates, to file a supplemental memorandum on the question whether Bates is a real party in interest in this action.

## II. DISCUSSION

### A. Legal standard

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

### B. Indispensable party

Reroof contends that Allstate has not shown that it has no policy obligations that requires it to name Bates as a real party to this suit. Reroof argues that, if Bates must be included as a real party, complete diversity does not exist and there is no federal jurisdiction.

Allstate contends that, while Bates may be a real party in interest because of the partial

subrogation of his rights, he is not an indispensable party.  Allstate argues that Rule 19 prevents joinder of Bates because joinder would destroy diversity.

"[A]n insurer who pays a part of the loss of its insured is only partially subrogated to the insured's rights."  Krueger v. Cartwright, 996 F.2d 928, 932 (7th Cir. 1993) (citing 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1546 (2d ed. 1990). "In such a case, both insured and the insurer own portions of the substantive right and should appear in the litigation in their own names."  Id. (citing United States v. Aetna Casualty & Surety Co., 70 S.Ct. 207, 215-16 (1949) (internal quotation omitted).

Rule 19(a) provides for mandatory joinder only if "joinder will not deprive the court of jurisdiction over the subject matter of the action.[1]  "When the joinder of an absent party would destroy diversity jurisdiction, Rule 19(a) is inapplicable."  Krueger, 996 F.2d at 932.  The court then looks to Rule 19(b) to determine whether the action should proceed between the parties or

---

[1]  Rule 19(a) addresses the "Joinder of Persons Needed for Just Adjudication" and states:
>     (a) Persons to be Joined if Feasible.  A person who is subject to service of process and **whose joinder will not deprive the court of jurisdiction over the subject matter of the action** shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impeded the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

(emphasis added).

should be dismissed because the absent party is indispensable.[2] Id. at 933.

The court concludes that Bates is not an indispensable party in Allstate's claim against Reroof to recover what it has paid Bates under its insurance policy.  There is no prejudice to Bates if he is not a party, and he will not be affected by the adequacy of any judgment against Reroof.  Further, Reroof does not face any inconsistent obligations because Allstate seeks only the amount it has already paid to Bates.

### III. CONCLUSION

Although Bates is a real party in interest, he is not an indispensable party under Rule 19(b).  Accordingly, the parties are diverse, and Reroof's motion to dismiss for lack of subject matter jurisdiction is denied.

New Orleans, Louisiana, this __8th__ day of February, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[2]  Rule 19(b) provides:
   (b) Determination by Court Whenever Joinder not Feasible.  If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.  The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person' absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.